UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------

**PREMIUM SPORTS INC.,**
**170 Columbus Avenue, Suite 210**
**San Francisco, CA 94133,**

                Plaintiff,

-against-

TODD FREDERICK LUONGO, Individually, and as officer, director, shareholder, principal, manager and/or member of MYTHOLOGY LLC, d/b/a MYTHOLOGY & LORE a/k/a DIRTY WATER
**132 N. Payne Street**
**Alexandria, VA 22314; and**

MYTHOLOGY LLC, d/b/a MYTHOLOGY & LORE a/k/a DIRTY WATER
**816 8th Street NE**
**Washington, DC 20002**

                Defendants.

-------------------------------------------------------------------

**COMPLAINT**

Civil Action No.

Plaintiff, **PREMIUM SPORTS INC.,** (hereinafter "Plaintiff"), by their attorneys, KALIJARVI, CHUZI, NEWMAN & FITCH, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violations of 47 U.S.C. §§ 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section

§1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within the District of Columbia County (28 U.S.C. § 1391(b)(2) and 28 U.S.C. §88).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the District of Columbia and certain activities of Defendants giving rise to this action took place in the District of Columbia; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as the exclusive rights owner to the distribution of the satellite programming transmission signals, took place within the District of Columbia. Moreover, upon information and belief, Defendants have their principal place of business within the District of Columbia; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The Plaintiff is a California corporation with its principal place of business located at 170 Columbus Avenue, Suite 210, San Francisco, CA 94133.

6. The Plaintiff is the holder of the exclusive right to the distribution of the 2019 6Nations Rugby: Wales vs England February, 23, 2019 match to commercial establishments in the United States.

7. The Plaintiff is also the holder of the exclusive right to authorize and license the public exhibition of the 2019 6Nations Rugby: Wales vs England February, 23, 2019 match to commercial establishments in the United States.

8. Upon information and belief the Defendant, TODD FREDERICK LUONGO, resides

at 132 N. Payne Street, Alexandria, VA 22314.

9. Upon information and belief, MYTHOLOGY & LORE a/k/a DIRTY WATER, is located and doing business at 816 8th Street NE, Washington, DC 20002 (the "Establishment").

10. Upon information and belief, the Defendant, TODD FREDERICK LUONGO, was the officer, director, shareholder and/or principal of MYTHOLOGY LLC, d/b/a MYTHOLOGY & LORE a/k/a DIRTY WATER.

11. Upon information and belief, the Defendant, TODD FREDERICK LUONGO, was the individual with supervisory capacity and control over the activities occurring within the Establishment on February 23, 2019.

12. Upon information and belief, the Defendant, TODD FREDERICK LUONGO, received a financial benefit from the operations of MYTHOLOGY LLC, d/b/a MYTHOLOGY & LORE a/k/a DIRTY WATER on February 23, 2019.

13. Upon information and belief, the Defendant, TODD FREDERICK LUONGO, was the individual with close control over the internal operating procedures and employment practices of MYTHOLOGY LLC, d/b/a MYTHOLOGY & LORE a/k/a DIRTY WATER on February 23, 2019.

14. Upon information and belief the Defendant, MYTHOLOGY LLC is a limited liability company licensed to do business in the District of Columbia and was doing business as DIRTY WATER.

15. Upon information and belief, the Defendant, MYTHOLOGY LLC, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as MYTHOLOGY & LORE a/k/a DIRTY WATER.

**COUNT I**

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the exclusive rights of distribution and public performance as to commercial establishments in the United States to the 2019 6Nations Rugby: Wales vs England February, 23, 2019 match scheduled for February 23, 2019, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

18. Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the District of Columbia, allowing them to publicly exhibit the Broadcast to their patrons.

19. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff, unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only.**

21. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's

Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. Recently emerging over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, such as (1) Broadband or internet broadcast; and/or (2) Live Social Media Streaming ("Nano-Piracy") are additional methods in which pirated material can be obtained without requiring users to subscribe to a traditional cable or satellite pay-tv service like Comcast, DIRECTV or Time Warner Cable and are readily available to anyone with a Smartphone. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of the above described methods would allow Defendants to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

22. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which Plaintiff had the distribution and public performance rights thereto.

23. By reason of the aforementioned conduct, the Defendants willfully violated 47 U.S.C. §605 (a).

24. By reason of the Defendants' violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

25. As a result of the Defendants' willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendant.

26. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

27. Plaintiff hereby incorporates paragraphs "1" through "31" as though fully set forth herein.

28. Plaintiff, by contract, is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the broadcast, including all undercard matches and the entire television Broadcast for the 2019 6Nations Rugby: Wales vs England February, 23, 2019 match via closed circuit television and via encrypted satellite signal. The Certificate of Registration was filed with the U.S. Copyright Office on March 26, 2019 under Registration Number PA 2-178-618. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

29. Plaintiff has exclusive rights to the Broadcast, including the exclusive right of distribution of same and the exclusive right to publicly perform the Broadcast as to commercial

establishments in the United States as well as authorize and/or license the public exhibition to commercial entities.

30. Defendants never obtained the proper authority or license from Plaintiff to publicly exhibit the Broadcast on February 23, 2019.

31. Upon information and belief, with full knowledge that the Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on February 23, 2019.

32. Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully obtained the Broadcast, enabling Defendants to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff.

33. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

34. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

35. As a result of Defendants' willful infringement of Plaintiff's exclusive distribution and public performance rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and §504(c)(2), of up to the maximum amount of $150,000.00.

36. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendants, *jointly and severally*, granting to Plaintiff the following:

(a) Declare that Defendants' unauthorized exhibition of the February 23, 2019 Broadcast violated the Federal Communications Act and the U.S. Copyright Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

(e) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated:   July 16, 2019

**PREMIUM SPORTS INC.**

By:   /s/Julie Cohen Lonstein
*Pending Pro Hac Vice Admission*
JULIE COHEN LONSTEIN, ESQ.
(NYS # 2393759)
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
190 South Main Street: P.O. Box 351
Ellenville, NY  12428
Tel:  (845) 647-8500
Fax:   (845) 647-6277
Email: Legal@signallaw.com
*Our File No.: PSI19-05DC-01*


By: /s/George M. Chuzi
George M. Chuzi, Esq. D.C. Bar No. 336503
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave., N.W. Suite 1000
Washington, D.C. 20006
Tel: (202) 331-9264
Fax: (1) (866) 455-1504
Resident Counsel for Plaintiff
Email: gchuzi@kcnlaw.com